Guadencio RODRIGUES

v.

James CARROLL d/b/a Today
Delivery Service.

No. 95–330–Appeal.

Supreme Court of Rhode Island.

Nov. 27, 1996.

John McBurney, Pawtucket.

Peter S. Haydon, E. Greenwich.

## ORDER

This matter came before a panel of the Supreme Court for oral argument on November 19, 1996, pursuant to an order that directed both parties to show cause why the issues in this appeal should not be summarily decided. The plaintiff, Guadencio Rodrigues, appeals from a Superior Court order denying his motion for a new trial.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

The plaintiff brought suit against defendant, James Carroll d/b/a Today Delivery Service, for personal injuries allegedly sustained in an automobile accident in which defendant's vehicle struck plaintiff's car. The plaintiff contended that he sustained more than $100,000 in special damages, including $14,886.29 in medical expenses as a result of the accident. Following a jury trial, plaintiff was awarded $1,365.20 for medical expenses and property damage.

The first issue plaintiff raised on appeal was that the trial justice erred in denying his motion for a new trial because the award of damages failed to administer substantial justice and was against the fair weight of the evidence. The standard applied by a trial justice in considering a motion for a new trial is well settled. *Izen v. Winoker,* 589 A.2d 824 (R.I.1991). In reviewing a motion for a new trial, the trial justice must evaluate the evidence in light of the charge to the jury and must exercise an independent judgment regarding the weight of the evidence and the credibility of witnesses. *Id.* at 828. The trial justice should allow the verdict to stand if the evidence is evenly balanced or is such that different minds could fairly come to different conclusions. *Id.* at 829. This Court will disturb a trial justice's decision on a motion for a new trial only "if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Id.*

In this case, the trial justice reviewed the evidence and recognized that there was conflicting medical evidence of plaintiff's injuries and inconclusive evidence of disability. The trial justice emphasized that he might have awarded damages for pain and suffering but explained that he must determine whether or not the jury's decision not to award any damages for pain and suffering complied with his instructions to the jury or was grossly inadequate. The trial justice concluded that reasonable minds could differ regarding the amount of damages. Therefore, the trial

justice properly denied the motion for a new trial.

The plaintiff's second argument on appeal was that the trial justice erred in denying his motion to pass the case on the basis of juror misconduct. The question of whether to grant a motion to pass a case is a matter within the sound discretion of the trial justice. *State v. Pusyka*, 592 A.2d 850, 852 (R.I.1991). In the event that jury misconduct is at issue, a trial justice must determine the extent of any prejudice and take the necessary steps to ensure a fair trial. *Id.* at 853. Consequently, this Court's review is limited to whether the trial justice abused that discretion. *Id.* at 852.

In this case, plaintiff contended that on the second day of trial, when the trial justice left the courtroom, plaintiff's interpreter overheard several jurors commenting on plaintiff's testimony. The trial justice intervened immediately and asked the jurors whether they had discussed the testimony. After listening to the jurors' responses, the trial justice gave a curative instruction and concluded that the jury had not been so contaminated as to prejudice either plaintiff or defendant. Although the juror's affidavit upon which plaintiff based his contention that the jurors' statements were prejudicial to plaintiff was not filed until approximately eight months after the trial justice's denial of plaintiff's motion for a new trial, the trial justice responded appropriately to the concerns of plaintiff's counsel at the time the issue was raised. Therefore, we hold that the trial justice did not abuse his discretion when he denied plaintiff's motion to pass.

We have carefully examined the remaining issues raised by the plaintiff and conclude that they are without merit. Consequently, we deny and dismiss the appeal, and affirm the order appealed from. The papers in the case may be returned to the Superior Court.

WEISBERGER, C.J., did not participate.